# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-1221-JAR-KGG |
| ) | |
| KADEN ADAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint alleging disability discrimination (Doc. 1), Plaintiff Mike Allen has also filed a Motion to Proceed without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application.

## ANALYSIS

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

1

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he 57 and single with no dependents.  (Doc. 5, sealed, at 1-2.)  He does not indicate any current or former employment.  (*Id.*, at 2.)  He does own real property, which appears to be the home he lives in.  (*Id.*, at 3.)  The property has a modest value and he makes no income from the property.  (*Id.*)  He also owns an automobile outright, with a small residual value.  (*Id.*, at 4.)

As for income from other sources, Plaintiff lists amounts received in the form of Welfare payments, Social Security benefits, and "other gov't sources (example Medicaid benefits)." (*Id*.) Plaintiff lists no cash on hand. (*Id*.) He enumerates typical monthly expenses, including groceries, utilities, and car insurance. (*Id*., at 5.) He has previously filed for bankruptcy. (*Id*., at 6.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3, sealed) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of September 2021.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
