IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN,

      Plaintiff,

v.

KADEN ADAMS,

      Defendant.

Case No. 21-1221-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Mike Allen brings this action *pro se* against Defendant Kaden Adams, a tax preparer, claiming that Defendant discriminated against him based on his disability. Before the Court is Defendant's Motion to Dismiss (Doc. 10) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The motion is fully briefed and the Court is prepared to rule. For the reasons stated more fully below, the Court grants Defendant's motion.

**I.      Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[1] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but it requires more than "a sheer possibility."[2] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[3]

---

[1] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Finally, the Court must accept the plaintiff's factual allegations as true, view those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law.[4]

Because Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[5] However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[6]

## II.     Background

The following facts are alleged in the Complaint, liberally construed, and assumed to be true for purposes of deciding this motion.

Plaintiff is disabled and has had no income for the past five years. He was referred to Defendant by the Martin Pringle law firm to help him recover federal withheld income taxes from 2016. Defendant works for the accounting firm Dave Adams & Associates. Plaintiff spoke with Defendant on the phone in August 2021, but never met with him face-to-face. During that phone conversation, Defendant stated that he was willing to assist Plaintiff in obtaining a refund of Plaintiff's 2016 withheld taxes, and requested that Plaintiff send him copies of certain documents to review. They did not execute an agreement for the provision of tax services, but Plaintiff mailed tax and disability documents to Defendant's office, including "copies of

---

[4] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[6] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see* D. Kan. Local R. 83.5.4(g) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[Plaintiff's] 1040 tax return and W-2 for the year of 2016, [his] Social Security disability document, and a copy of another attorney's document."[7]

On August 31, 2021, Plaintiff called Defendant for a progress update. Defendant informed Plaintiff that the statute of limitations for the 2016 refund had run. On September 1, 2021, Plaintiff called and spoke to "the lady at [Defendant's] office" and requested that his documents be mailed back to him. Having not yet received his documents, Plaintiff called Defendant's office again on September 5 and September 7, 2021. On September 7, 2021, Defendant informed Plaintiff that he would mail the documents back to Plaintiff that day, but "then suddenly hung up the phone on Plaintiff."[8] As of September 12, 2021, when Plaintiff filed his Complaint, he had not received his documents from Defendant. Plaintiff contends "[Defendant] obviously reserved professional courtesy for some, and then declined service to a disabled person."[9] He asks that the Court order the return of his documents and seeks monetary damages for discrimination based on his disability.

### III.   Discussion

#### A.   Motion to Dismiss

In his Complaint, Plaintiff claims Defendant discriminated against him because of his disability, and cites as a basis for jurisdiction the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Plaintiff also cites as a basis for jurisdiction 18 U.S.C. § 1028, a provision of the criminal code making it unlawful to use fraud and other related activities in connection with identification documents. Defendant moves to dismiss these claims under Rule 12(b)(6), arguing that the Complaint fails to allege facts sufficient to state plausible claims for relief.

---

[7] Doc. 1 at 6.

[8] *Id*

[9] *Id.* at 7.

First, Defendant correctly argues that 18 U.S.C. § 1028 is a criminal statute that provides neither a basis for jurisdiction nor a private right of action that Plaintiff could assert in this civil case.[10]  To the extent Plaintiff asserts a claim under this provision, it is not legally cognizable and must be dismissed.

Second, Plaintiff fails to state a claim under the ADA.  Because Plaintiff is not Defendant's employee, he cannot state a claim under Title I of the ADA, which applies to employment practices.[11]  Under Title III of the ADA, a plaintiff can bring a claim for discrimination "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."[12]  The plaintiff must demonstrate "(1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA."[13]

Plaintiff sufficiently alleges that he is disabled, but fails to allege facts in support of the second and third elements of this claim.  The ADA provides that certain private entities are considered "public accommodations" for purposes of Title III, including the office of an accountant,[14] but Plaintiff does not allege that Defendant "owns, leases, or operates" Dave Adams & Associates.  When determining whether an individual defendant is an "owner, lessor, lessee, or operator" of the place of public accommodation, courts consider "not only . . . the

---

[10] *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (first citing *United States v. Claflin*, 97 U.S. 546, 547 (1878); and then citing *Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir.1996))  ("[C]riminal statutes that do not provide for a private right of action . . . are . . . not enforceable through a civil action.").

[11] *See* 42 U.S.C. § 12112.

[12] *Id.* § 12182(a).

[13] *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (10th Cir. 2008) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)).

[14] 42 U.S.C. § 12181(7)(F).

defendant's control over the operations of the place of accommodation, but also on the defendant's ability to perform and remedy the alleged discriminatory conduct."[15]  There are no facts in the Complaint that suggest Defendant has control over the accounting firm under this standard.

Additionally, Plaintiff fails to allege that he was discriminated against because of his disability.  It is unclear from the facts alleged in the Complaint whether Plaintiff claims Defendant discriminated against him by advising that he could not obtain a 2016 tax refund, or by failing to return his documents.  Either way, there are no nonconclusory allegations to support that these actions were based on Plaintiff's disability.  Plaintiff alleges that Defendant told him he could not obtain the refund because the statute of limitations passed, and there are no facts to suggest that this was not the true reason for Defendant's decision.  And Plaintiff fails to allege any facts that suggest Defendant's failure to return his documents promptly is related to his disability.

Finally, the Court agrees with Defendant that Plaintiff's claim for monetary damages must be dismissed because Title III does not allow private litigants to recover monetary damages.[16]

### B. Leave to Amend

While the Court recognizes the general rule that *pro se* parties should be allowed leave to amend, it may appropriately dismiss a claim without prejudice "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an

---

[15] *Civil Rights Educ. & Enf't Ctr. v. Sage Hosp. Res. LLC*, 222 F. Supp. 3d 934, 953 (D. Colo. 2016) (first citing *Clement v. Satterfield*, 927 F. Supp. 2d 297, 318 (W.D. Va. 2013); then citing *Bowen v. Rubin*, 385 F. Supp. 2d 168, 181 (E.D.N.Y. 2005); and then citing *United States v. Morvant*, 843 F. Supp. 1092 (E.D. La. 1994)).

[16] *See*  42 U.S.C. §§ 12188(a)(1), 2000a-3(a).

opportunity to amend."[17]  A proposed amendment is futile if the amended complaint would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).[18]

First, the Court finds that it is obvious Plaintiff cannot prevail on the claims asserted in his Complaint.  It would be futile to allow him leave to amend to add facts to his claim under the criminal code since there is no private right of action under that provision.  Plaintiff's ADA claim seeking monetary relief also fails as a matter of law and no additional facts would change that outcome.  The Court is also convinced that, to the extent Plaintiff seeks injunctive relief in the form of the return of his documents, there are no additional facts he could allege that would establish a claim under Title III of the ADA.

Second, Plaintiff asserts for the first time in his response that even if he fails to state a claim under the ADA, the Court should order the return of his documents under 26 U.S.C. §§ 6694 and 6695.  On a Rule 12(b)(6) motion, the Court can only consider the claims asserted in the Complaint.[19]  But liberally construing Plaintiff's response as a motion for leave to amend to add these claims, the Court denies the request as futile.  Plaintiff identifies no facts to support claims under these new provisions.  And 26 U.S.C. §§ 6694 and 6695—tax penalty provisions—are enforceable by the Internal Revenue Service.[20]  There is no private right of action available to Plaintiff under these statutes.

For all of these reasons, the Court declines to grant Plaintiff leave to amend.

---

[17] *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)) (alteration omitted).

[18] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[19] *See* Fed. R. Civ. P. 12(d); *Boyer v. Bd. of Cnty. Commr's of Johnson Cnty.*, 922 F. Supp. 476, 482 (D. Kan. 1996) ("It is inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.").

[20] 26 U.S.C. § 6671.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kaden Adams's Motion to Dismiss (Doc. 10) is **granted**.  This case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 12, 2021

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        CHIEF UNITED STATES DISTRICT JUDGE