IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE ALLEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:21-cv-1221-JAR-KGG |
| | ) |
| KADEN ADAMS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER ON**
**MOTION FOR APPOINTMENT OF COUNSEL**

The Plaintiff, Mike Allen, filed a "Motion to Appoint the Plaintiff a Representative." (Doc. 25) with this Court. The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of

1

counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court recognizes that Plaintiff is currently unemployed and has a limited amount of money in his bank account. (Doc. 3-1). In his affidavit of financial status, he indicated that he has $500 of cash on hand and receives welfare payments and social security benefits. His affidavit also included expenses such as utilities bills, car insurance, and grocery expenses.

The second factor relates to the Plaintiff's diligence in searching for counsel. The Plaintiff did not use the form motion provided by this District. The form motion states that he must "<u>confer with</u> (not merely contact) at least five attorneys regarding legal representation." In his motion, it does not appear that he conferred any attorneys. Plaintiff's diligence in seeking counsel does not weigh in his favor.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff alleges that the Defendant (Kaden Adams) violated his rights by taking possession of his documents

without his consent in violation of the Americans with Disabilities Act. (Doc. 3). An order granting the Defendant's motion to dismiss was entered on November 12, 2021. (Doc. 15). However, a motion to alter judgment was filed by Defendant on November 22, 2021, seeking to alter judgment from one *without* prejudice to one *with* prejudice. (Doc. 21). Plaintiff is not seeking an appointment of counsel to assist with his underlying complaint, but to assist with the motion to alter the judgement filed by Defendant. Given the relief that is being sought, the Court does not give particular weight to this factor.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. This case does not present complex legal issues or require a heightened level of legal sophistication.

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might handle the matter more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 25) is **DENIED**.

Dated at Wichita, Kansas, on this 14th day of December 2021.

/S Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge